THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. RAMÓN ALVAREZ DE JESÚS, Defendant and Appellant. SAME v. SAME.

Nos. 8406 and 8407. Argued December 16, 1940.—Decided December 17, 1940.

*Leopoldo Tormes García* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The appellant was arrested on October 5, 1938, to answer for certain criminal acts by reason of which two informations of assault with intent to commit murder *(atentado a la vida)* were brought against him. These were filed after the expiration of sixty days from the time of his arrest, and the court, on motion of the defendant, ordered the dismissal thereof by virtue of the provisions of subdivision 1 of section 448 of the Code of Criminal Procedure, 1935 ed. After those prosecutions were dismissed, the district attorney filed two new informations for the same offense which we will summarize thus:

Case No. 8406:
That on October 5, 1938, in Ponce, Puerto Rico, the defendant did unlawfully, wilfully, and maliciously, and with the intent to murder, then and there assault and batter with a revolver loaded with bullets, Marcelino Martínez, a human being, firing said revolver at him and inflicting a bullet wound on the back of his neck.

Case No. 8407:
That the defendant, on or about October 5, 1938, in the city of Ponce, did wilfully and maliciously and with the intent to murder, then and there assault and batter with a revolver Carmen Rosa Merced, a human being, striking several blows on her head with said revolver, inflicting on her several bruises.

The defendant was granted until September 5, 1939, to plead and on the latter date, he filed a motion in each case wherein, after stating the facts above recited, he alleged:

"3. That the district attorney has unduly or erroneously characterized the acts set forth in the information as constituting the crime of assault with the intent to commit murder (felony), *when really said acts, at the most and assuming that the defendant should be found guilty of the execution of the same, would constitute the*

*crime of aggravated assault and battery* (misdemeanor), for which reason the district attorney could not file a new information against this defendant for those same acts."

After the said motion was denied, the two trials were held before a jury which found the defendant guilty of the offense of aggravated assault and battery in each case. The court approved the verdicts, but before judgment was pronounced, the defendant, on June 1, 1940, reproduced his previous motion to dismiss both cases, invoking section 452 of the Code of Criminal Procedure, 1935 ed., which textually reads as follows:

"Section 452.—An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, *but it is not a bar if the offense is a felony.*" (Italics ours.)

After both motions were denied, there were rendered in both cases the judgments which have given rise to these two appeals.

██ We have already adverted to the two informations in which the above-mentioned verdicts originated and we have no doubt that they sufficiently charge the crime of assault with intent to commit murder. This crime includes that of assault and battery, the difference between the two offenses being that the former carries with it the intent to commit murder. *People* v. *Pagán*, 23 P.R.R. 770.

██ The two informations which had previously been dismissed do not appear from the record; but it does appear that they charged the crime of assault with intent to commit murder, which our Penal Code characterizes as a felony. That being so, upon the dismissal of said informations the cited section 452 did not preclude the filing of new informations against the defendant for the same offense. The fact that the jury found the defendant guilty of aggravated assault and battery in both cases, does not change the characterization of the offense as charged in the dismissed

informations. The defendant was prosecuted on two charges of assault with intent to commit murder (felony) and those were the prosecutions that were dismissed in accordance with section 448 of the Code of Criminal Procedure, 1935 ed., and that being so, their dismissal did not preclude the commencement of other prosecutions for the same crime, for as we have seen, the dismissed informations refer to felonies and not to misdemeanors.

In the case of *People* v. *Pagán, supra,* cited by the prosecuting attorney, this court said:

"Carlos Pagán was charged with attempted murder, but the action having been dismissed by the court on the day before the day set for the trial, on motion of the *fiscal* on the ground that he did not have sufficient evidence to prove that crime, a new information was filed charging the defendant with aggravated assault and battery on the same facts. Upon being arraigned on this charge, the accused moved the court to dismiss the action on the ground that the charge of attempted murder includes that of aggravated assault and battery and because the offense charged in the second information was a misdemeanor, invoking section 452 of the Code of Criminal Procedure. The motion was overruled by the lower court and the accused was tried, convicted and sentenced. From that judgment he appealed.

" *       *       *       *       *       *       *

"Section 452, cited by the defendant, provides that the dismissal of an action is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony, which provision is not applicable to the present case because the action dismissed charged a felony and not a misdemeanor."

In the present case, the second information was not, as in the *Pagán* case, for aggravated assault and battery (a misdemeanor), but for the same offense of assault with intent to commit murder previously charged. If the dismissal of the original information in the *Pagán* case did not preclude a subsequent prosecution for aggravated assault and battery—inasmuch as the dismissed information charged a felony—in the present case such a subsequent prosecution would not be precluded, either, by the fact that the second

information was for the same crime (felony), as this is expressly authorized by section 452 of the Code of Criminal Procedure, 1935 ed.

The case of *People* v. *Ramos,* 28 P.R.R. 749, cited by the appellant, is inapplicable to the one at bar. In the former case, Ramos was charged with the offense of grand larceny (felony), and the jury found him guilty of petit larceny (misdemeanor). According to the appellant, the information had been filed after the expiration of one year from the commission of the offense and as according to the verdict of the jury the crime actually committed was petit larceny (misdemeanor), if the information was really filed after one year from the commission of the offense, the prosecution would have been barred at the time of the filing of the information.

Section 452, *supra,* does not refer to the crime committed but to the one charged in the information, and it is to the information and not to the verdict or judgment, in cases tried by the court without a jury, that resort must be had in order to determine whether application can be made of the prohibition contained in section 452, *supra,* regarding a new prosecution.

For the reasons stated we are of the opinion that the trial court did not commit the error attributed to it, and therefore, the appeal must be overruled in both cases and the judgments appealed from affirmed.